**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00071-HBB**

**JAMES ESTES**                                                                                                    **PLAINTIFF**

**VS.**

**ANDREW SAUL, Acting
Commissioner of Social Security**                                                                **DEFENDANT**

**MEMORANDUM OPIONION AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of James Estes seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Estes (DN 15) and the Commissioner (DN 21) have filed a Fact and Law Summary.  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).  By Order entered October 4, 2019 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

FINDINGS OF FACT

Estes protectively filed an application for a period of disability and disability insurance benefits on July 22, 2017 (Tr. 202-208). Additionally, on July 22, 2017, he protectively filed an application for Supplemental Security Income (Tr. 199-201, 209-16). Estes alleged that he became disabled on September 30, 2015 as a result of peripheral neuropathy in both hands; cervical spondylosis with myelopathy; right cervical radiculopathy; degenerative disc disease; arthralgia of both hands bilateral; bulging of lumbar intervertebral discs 4 herniated disc; sciatica in left side (Tr. 227). Administrative Law Judge David Peeples ("ALJ") conducted a hearing on December 13, 2018 via video conference. The ALJ presided from Paducah, Kentucky. Estes appeared in Owensboro, Kentucky and was represented by Sarah J. Martin Diaz. Also present and testifying was Kenneth Boaz, an impartial vocational expert.

In a decision dated January 17, 2019, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-21). At the first step, the ALJ found Estes has not engaged in substantial gainful activity since the alleged onset date (Tr. 15). At the second step, the ALJ determined that Estes's peripheral neuropathy in the bilateral hands and degenerative disc disease are "severe" impairments within the meaning of the regulations (Tr. 16). Notably, at the second step, the ALJ also determined that Estes's hypertension is a "non-severe" impairment within the meaning of the regulations (Tr. 16). At the third step, the ALJ concluded that Estes does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 16).

At the fourth step, the ALJ found Estes has the residual functional capacity to perform a range of light work (Tr. 16). More specifically, the ALJ found that Estes can lift and/or carry 10

2

pounds frequently, 20 pounds occasionally; stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday. He can push and/or pull as much as he can lift/carry. He can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. He can occasionally handle, finger and feel with the bilateral upper extremities. He should avoid concentrated exposure to extreme cold, vibration and hazards such as unprotected heights and moving mechanical parts (Tr. 16). Relying on testimony from the vocational expert, the ALJ found that Estes is unable to perform any of his past relevant work (Tr. 19).

The ALJ proceeded to the fifth step where he considered Estes's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that prior to November 2, 2018, the date Estes' age category changed, there were jobs that existed in the significant numbers in the national economy that Estes could have performed (Tr. 19). However, the ALJ held that after November 2, 2018, the date Estes' age category changed, there were no jobs that existed in significant numbers in the national economy that Estes could have performed (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 273-280). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton

v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Estes's request for review of the ALJ's decision (Tr. 1-6).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court will be reviewing the decision of the ALJ and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

4

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Estes's claim at the fifth step.

5

1. Severe Impairments

Estes first argues the ALJ "did not properly recognize the source of his severe hand pain with the proper severe impairment." (DN 15-1 PageID # 558). Specifically, Estes names "arthritis of the bilateral hands," "degenerative disc disease [as] "post-laminectomy," and "an L1-L2 lesion causing stenosis and a disc extrusion" as impairments the ALJ should have identified as severe (DN 15-1 PageID # 558-561). The Commissioner disagrees, arguing the ALJ was only required to consider Estes' impairments in combination. An ALJ's decision not to identify a particular impairment as severe is not reversible error if the impairment is considered in combination with all of a claimant's impairments at step four (DN 21 PageID # 578).

At the second step in the sequential evaluation process Estes must demonstrate he has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden Estes must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement and "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. Alternatively, Estes must show he suffers from a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii) and (c). [A]n impairment can be considered not severe only if it is a slight abnormality that minimally effects work ability, regardless of age, education and work experience. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (citing Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89-90 (6th Cir. 1985)).

To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1508, 416.908; Social Security Ruling 96-4p, 1996 WL 374187, at *1 (July 2, 1996); Social Security Ruling 96-3p, 1996 WL 374181, at *2 (July 2, 1996). Thus, symptoms and subjective complaints alone are not sufficient to establish the existence of a "medically determinable" physical or mental impairment. Social Security Ruling 96-4p, 1996 WL 374187, at *1. To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. Again, the claimant must present objective evidence to satisfy the "duration" requirement.

However, this analysis is primarily employed by the Commissioner as an administrative convenience to screen out claims that are totally groundless solely from a medical standpoint. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). An ALJ is required to consider the claimant's combination of impairments and their effects. 43 U.S.C. § 423(d)(2)(C). If the ALJ erroneously fails to identify an impairment as severe, the error is harmless if the ALJ fully considers the impairment when determining the claimant's residual functional capacity. Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987). Here the ALJ found Estes had two severe impairments—degenerative disc disease and peripheral neuropathy—and continued with the sequential evaluation process. This Court must determine if the ALJ properly considered Estes' proposed severe impairments—arthritis of the bilateral hands, post-laminectomy degenerative disc disease, and an L1-L2 lesion—when determining his residual functional capacity.

It is Estes' burden to introduce sufficient evidence to prove disability. 20 C.F.R. §§ 404.1512(c), 416.912(c) ("You must provide medical evidence showing that you have an impairments(s) and how severe it is during the time you say that you are disabled. You must provide evidence showing how your impairments(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your case."). Importantly, a report or diagnosis of an impairment alone does not mean a claimant was disabled by that impairment. See Young v. Sec'y of HHS, 925 F.2d 146, 151 (6th Cir. 1990).

    a. Arthritis of the bilateral hands

Estes' first proposed severe impairment is "arthritis of the bilateral hands." (DN 15-1 PageID #558). He argues the medical records "make clear" Estes suffers from arthritis and the ALJ inadequately considered this evidence to find Estes could use his hands occasionally.

Estes provides scant support for his argument. He identifies "imaging at exhibit 7F" that "states Mr. Estes has end-stage arthritis." (DN 15-1 PageID # 558). But the records amount to merely a diagnosis. Estes points to refences in the record that his hands are "of a working man noting deformities, contractures, and swelling" (DN 15-1 PageID # 558). But those "deformities, contractures, and swelling" are not attributed to bilateral arthritis in any of the medical records. Estes has not produced any evidence related to bilateral arthritis that goes beyond diagnosis. The ALJ discussed the diagnosis in his summation of Estes' medical history (Tr. 17). He factored the diagnosis into his RFC analysis as much could be expected given its sparing appearances in Estes medical records. Estes argument fails.

b. Post-laminectomy surgery degenerative disc disease

Estes' second proposed severe impairment is post-laminectomy surgery degenerative disc disease. Notably, the ALJ acknowledged Estes' degenerative disc disease as a severe impairment (Tr. 16). However, Estes argues the ALJ failed to properly consider the diagnosis in light of his surgery, and failure to do so resulted in an erroneous RFC determination.

Again, Estes' argument is extremely sparse. He contends the post-surgery status is important because it "was not beneficial" and did not alleviate his symptoms (DN 15-1 PageID # 560). Estes does not explain why this is important, but presumably it is an attempt to meet the "duration" requirement of 20 C.F.R. § 416.909. A review of the ALJ's analysis shows the he was well aware of Estes' surgery and its effect on his degenerative disc disease. "*Following cervical intervention*, he was described as doing very well without pain medication, which was supported by physical examination and his own reports." (Tr. 18, *emphasis added*). The ALJ went on to acknowledge Estes' degenerative disc disease, and explained examinations observe "intact sensation, strength and range of motion as well as normal gait" (Tr. 18). The ALJ adjusted Estes' RFC to light work accordingly. Estes' argument is unsupported by the record and fails.

c. L1-2 lesion

Estes' final proposed severe impairment is an L1-2 lesion "causing severe stenosis and a disc extrusion." (DN 15-1 PageID # 559-560). This time Estes does not cite any medical evidence. He merely states that the lesion "was not addressed by the ALJ in his decision as a severe impairment and its limitations were not reflected in the adopted RFC as this limits Mr. Estes' ability to sustain prolonged standing and walking." (DN 15-1 PageID # 560).

Estes's argument again fails. He has not provided any evidence that this impairment was severe, or that it diminished his residual functional capacity. It is true that the ALJ does not reference the lesion in his analysis, but this is not enough, the burden is Estes'. An MRI in March 2017 revealed the lesion causing severe stenosis (Tr. 356-357). A month later, Estes underwent laminectomy surgery previously postponed for financial reasons. The ALJ was aware of this surgery and fully evaluated Estes' condition following surgery. Furthermore, the ALJ relied on the opinion of state agency medical consultant, Stephen Kavka, M.D. Dr. Kavka fully considered Estes' condition post-surgery and noted improved "motor strength," "intact sensation," and "range of motion in the spine" (Tr. 18).

The undersigned finds that the ALJ appropriately considered all of Estes' impairments, severe and otherwise, when formulating Estes' RFC. The finding is supported by substantial evidence; therefore, it may not be overturned by this Court.

2. Arthritis

Estes next argues that the ALJ "failed to adequately consider Mr. Estes' severe arthritis in his hands and lower back. This argument is partially addressed above. The ALJ acknowledged Estes' arthritis of the hands, but there is no evidence in the record beyond a diagnosis for him to consider the effect on Estes' RFC. Any defect in the ALJ's analysis is caused by Estes' failure to provide sufficient evidence, not the ALJ's reasoning.

To the extent Estes presents any additional argument, this Court deems it waived. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley

v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion). Here, Estes provides the Court with nothing but conclusory statements that the ALJ erroneously failed to consider certain impairments, and that error requires remand. Estes has not directed the Court to any medical evidence to support his argument, explained why the proposed defects should be considered severe, or what effect the impairments have on Estes' RFC.

   3. Step Five

Finally, Estes argues that there was not substantial evidence supporting the ALJ's finding that an adequate number or jobs existed in the regional or national economy consistent with his RFC (DN 15-1 PageID # 561). Estes contends the erroneously ALJ relied on vocational expert ("VE") testimony that was improperly supported by "obsolete" data from the Dictionary of Occupational Titles ("DOT").

The Sixth Circuit has made clear that there is no "magic number" that qualifies as "significant" for the purposes of satisfying this prong of the disability inquiry. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). Instead, the Court must make a fact-specific inquiry that is guided by common sense:

> We are not blind, however, to the difficult task of enumerating exactly what constitutes a "significant number." We know that we cannot set forth one special number which is to be the boundary between a "significant number" and an insignificant number of jobs. . . . A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; *the reliability of the vocational expert's testimony*; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned

> work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

Id. (emphasis added). Here, Estes asserts that the vocational expert's testimony is not reliable because it is based on obsolete occupational descriptions in the DOT.

The Sixth Circuit recently addressed this issue in an unpublished order. *See* O'Neal v. Comm'r of Soc. Sec., No. 18-2372, ___ F. App'x ___, 2020 WL 97414, at *3-4 (6th Cir. Jan. 7, 2020). The Court held because the regulations continue to recognize the DOT as a source of reliable information and the claimant did not cross-examine the VE about the DOT job descriptions when he had the opportunity, the VE's testimony constitutes substantial evidence to support the ALJ's finding that the claimant was able to perform work that existed in significant numbers in the national economy. Id.

Here, as in O'Neill, Estes failed to cross examine the VE concerning the alleged obsolesce of the DOT as a source for job information (Tr. 58-59). Therefore, the argument was forfeited.

## Order

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies: Counsel